IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 06-10083-CIV-MOORE/GARBER

VANGUARD CAR RENTAL USA, INC., a
Delaware corporation, NATIONAL RENTAL (US),
INC., f/k/a NATIONAL CAR RENTAL, a
Delaware corporation, and ALAMO FINANCING,
L.P., a foreign limited partnership,

        Plaintiffs,
v.

ROGER DROUIN, JR.,

        Defendant.
_____/

### AMENDED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING AMENDED PETITION FOR DECLARATORY JUDGMENT; DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Amended Petition for Declaratory Judgment (DE # 38) and Plaintiffs' Motion for Summary Judgment (DE # 18). A Response (DE # 18) and a Reply (DE # 24) to the Motion to Dismiss were filed, and a hearing was held on April 18, 2007 (minutes at DE # 46). The United States of America subsequently intervened in this action and filed a Memorandum in Support of the Constitutionality of 49 U.S.C. § 30106 (DE # 74).

UPON CONSIDERATION of the motions and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**    **Background**

Plaintiffs leased a Chevrolet Equinox to James Wrozek in January, 2006. Compl. at 2. Subsequently, Wrozek was in a motor vehicle accident with Defendant Roger Drouin, Jr., in which Drouin was injured. Id. at 2-3. Plaintiffs filed an action with this Court seeking a Declaratory Injunction. Defendant Roger Drouin, Jr. and Theresa Drouin filed a suit "for personal injury and economic damages" against Plaintiffs Vanguard Car Rental USA, Inc. and Alamo Car Rental (US) Inc. in the Circuit Court of the Sixteenth Judicial Circuit in and for

Monroe County, Florida. <u>Drouin v. Vanguard Car Rental USA, Inc.</u>, 06-10095, Def. Not. of Removal at 1-2. The Drouins' complaint did not specify the statute or common law pursuant to which they brought their claims. That case was removed to this Court and consolidated with the Declaratory Judgment action. Accordingly, Drouin, although a tort plaintiff, will be referred to as the Defendant.

In this action, Plaintiffs seek, among other relief, declaratory judgment that they are not liable to Defendant for damages from the accident. Plaintiffs base their claim of immunity from liability on 49 U.S.C. § 30106, which provides:

> (a) In general.- An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if -
>     (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>     (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)
> (b) Financial responsibility laws.- Nothing in this section supersedes the law of any State or political subdivision thereof-
>     (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
>     (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

Defendant Drouin moves to dismiss the Petition for Declaratory Judgment on the grounds that (A) the federal statute under which Plaintiffs request declaratory judgment, 49 U.S.C. §30106, is unconstitutional; (B) the immunity created by 49 U.S.C. §30106 does not apply to lawsuits brought pursuant to Florida statute § 324.021 because of an exception in the federal law; and (C) this Court should decline to exercise its discretion to entertain the declaratory judgment action in favor of allowing the issues to be litigated in the Defendant's suit against Plaintiffs. <u>See generally</u>, Def. Mot.

Florida Statute 324.021 states:

2

> *Owner/lessor*.--Notwithstanding any other provision of the Florida Statutes or existing case law...
>
> 2. The lessor, under an agreement to rent or lease a motor vehicle for a period of less than 1 year, shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the lessee or the operator of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the lessor shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the lessor for economic damages shall be reduced by amounts actually recovered from the lessee, from the operator, and from any insurance or self-insurance covering the lessee or operator. Nothing in this subparagraph shall be construed to affect the liability of the lessor for its own negligence.

Fla. Stat. 324.021(9)(b)(2).

## II.     Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see, Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

## III.    Defendant's Claim is Not Made Pursuant to a Financial Responsibility Law

Defendant claims that the claim articulated in the Complaint is made under Florida Statute

324.021, which Defendant argues is a "financial responsibility" law falling within the exception in 49 U.S.C. § 30106(b). Therefore, Defendant continues, the immunity from liability created by 49 U.S.C. § 30106(a) does not apply to Plaintiffs. Def. Mot. at 5. As support for this contention, Defendant cites unpublished orders from three Florida state courts which held Florida Statute 324.021 to be a "financial responsibility" law. Def. Mot. at 6-8; Def. Mot. Ex. 1-3. Defendant argues that since there is no "Florida authority recognizing the effectiveness of the immunity provision in a lawsuit against a car rental company subject to section 324.021," the Motion should be granted. Def. Mot. at 8.

Plaintiffs argue that Defendant's tort claims could not be made pursuant to Florida Statute 324.021, as that statute does not impose vicarious liability, but limits the liability created by "other provisions of Florida law." Pl. Resp. at 10. Plaintiffs assert that Defendant's claims were made pursuant to Florida's "dangerous instrumentality doctrine," [the Doctrine] a Florida common law which "imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another." Id. at 10-11, quoting Aurbach v. Gallina, 753 So. 2d 60, 62 (Fla. 2000).

Defendant replies, without citation to any source, that it is irrelevant whether the vicarious liability created by Florida law is "imposed by statute or common law." Def. Reply at 2. Defendant asserts that "the combination of common law - the common law dangerous instrumentality doctrine - and Florida Statute section 324.021(9)" falls under the exception in 49 U.S.C. § 30106(b). Id. at 2-3. Florida case law leads this Court to conclude otherwise. In Fischer v. Allessandrini, a Florida district court distinguished the Doctrine, which created the cause of action, from Florida Statute 324.021, which that court described as a legislative check on the Doctrine, "limit[ing] the liability of lessors who rent or lease a motor vehicle for less than a year." 907 So. 2d 569, 570 (Fla. Dist. Ct. App. 2005). Florida Statute 324.021 does not create a cause of action. Therefore, this Court will deem Defendant's claim to have been made pursuant to

4

Florida's common law dangerous instrumentality doctrine.

Defendant makes no argument that the Doctrine itself falls within the exception in 49 U.S.C. § 30106(b). 49 U.S.C. § 30106(a)'s prohibition of vicarious liability directly preempts the Doctrine. Accordingly, the only remaining issue is whether 49 U.S.C. § 30106 is constitutional.

**IV.    49 U.S.C. § 30106(a) is an Unconstitutional Overreaching of Congress' Power Under the Commerce Clause**

The Commerce Clause, Article I, section 8 of the United States Constitution, provides that "Congress shall have the power to . . . regulate commerce . . . among the several states . . . ." U.S. Const., art. I, § 8, cl. 3. The Supremacy Clause, Article VI of the Constitution, provides

> This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

U.S. Const., art. VI, cl. 2. State laws "are not to be preempted by a federal statute unless it is the clear and manifest purpose of Congress to do so." Geier v. American Honda Motor Co., 529 U.S. 861 (2000). The Supreme Court has recognized that, pursuant to the Supremacy Clause, state law may be preempted by "express provision, by implication, or by a conflict between federal and state law." New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654 (1995); citing Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n., 461 U.S. 190, 203-04 (1983); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947). The language of 49 U.S.C. § 30106 directly indicates an intention to pre-empt state law.

Defendant claims 49 U.S.C. § 30106 is "an unconstitutional exercise of congressional authority under the Commerce Clause of the United States Constitution, Article I, section 8." Def. Mot. at 3, quoting Graham v. Dunkley, 827 N.Y.S.2d 513, 525 (N.Y. Sup. Ct. 2006). Defendant relies heavily on this opinion. Def. Mot. at 3; Def. Reply at 5. That court found the

5

federal statute to be unconstitutional because the "pursuit of justice . . . is not an 'economic class of activity' or an 'economic enterprise'" and therefore the Commerce Clause cannot grant Congress the power to regulate the vicarious tort liability of car rental companies. Graham 827 N.Y.S.2d at 524. Plaintiffs argue that the statute is a "valid exercise of congressional power to regulate both the instrumentalities of interstate commerce and intrastate activities that substantially affect interstate commerce." Pl. Resp. at 2. For the following reasons, this Court holds 49 U.S.C. § 30106(a) to be outside of the Congressional powers created by the Commerce Clause of the United States Constitution and, therefore, unconstitutional.

> In analyzing the Commerce Clause, the Supreme Court has noted:
>
> We start with first principles. The Constitution creates a Federal Government of enumerated powers. As James Madison wrote, "the powers delegated by the proposed Constitution to the federal government are few and defined. Those which are to remain in the State governments are numerous and indefinite." This constitutionally mandated division of authority "was adopted by the Framers to ensure protection of our fundamental liberties." "Just as the separation and independence of the coordinate branches of the Federal Government serve to prevent the accumulation of excessive power in any one branch, a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front.

United States v. Lopez, 514 U.S. 549, 552 (1995) (internal citations omitted). In Lopez, the Supreme Court performed a constitutional analysis of the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q), prohibiting gun possession within a thousand feet of a school. The Supreme Court held that because that statute affected intrastate conduct without jurisdictional language to "ensure through case-by-case inquiry, that the fire-arm possession in question affects interstate commerce," the statute surpassed the range of the power given to Congress by the Commerce Clause. Lopez, 514 U.S. at 561. The Supreme Court explained that the Commerce Clause gives Congress the authority to regulate, first, the use of channels of interstate commerce, second, the instrumentalities of interstate commerce, meaning persons or things in interstate commerce, and third, activities substantially related to interstate commerce. Lopez, 514 U.S. at 558; United States v. Morrison, 529 U.S. 598, 609 (2000); United States v. Ballinger, 395 F.3d 1218, 1225

(11th Cir. 2005). Plaintiffs claim 49 U.S.C. § 30106(a) falls under the second and third areas of authority created by the Commerce Clause. Pl. Resp. at 3-9. Intervenor asserts the statute lies under the aegis of all three areas. Interv. Mem. at 14, 21.

### A) Channels of Interstate Commerce

Channels of Interstate Commerce are "interstate transportation routes through which persons and goods move[, including] highways, railroads, navigable waters, and airspace." United States v. Ballinger, 395 F.3d 1218, 1225-26 (11th Cir. 2005). Intervenor claims that the statute regulates the channels of interstate commerce because the statute regulates "the use of the nation's roads and highways." Interv. Mem. at 22. Intervenor suggests that 49 U.S.C. § 30106(a) regulates these channels because "[l]iability lawsuits involving rented or leased motor vehicles "typically arise following an automobile accident that occurs on roads, streets, intrastate or interstate highway, all of which are channels of commerce."" Interv. Mem. at 23, quoting Garcia v. Vanguard Car Rental USA, Inc., 2007 WL 686625, * 11 (M.D. Fla. 2007). The Garcia court held the Statute to be constitutional as affecting the channels of interstate commerce, based in part on an admission by Garcia. Id. at 10. No such admission was made in the instant case. Further, this Court disagrees with the conclusions in Garcia and with Intervenor's arguments that the Statute regulates the channels of interstate commerce. Even according to the Intervenor, the statute "regulates the assignment of benefits and burdens between parties to a commercial transaction," rather than the use of roads and highways. Interv. Mem. at 8. This Court holds that the direct language of 49 U.S.C. § 30106(a) regulates tort liability, and does not directly regulate either channels of interstate commerce, or the use of those channels.

### B) Instrumentalities of Interstate Commerce

Plaintiffs and Intervenor argue that the statute regulates the instrumentalities of interstate commerce because cars are instrumentalities of interstate commerce. Pl. Resp. at 4, Interv. Mem. at 22. Courts have held that cars are, by nature, instrumentalities of interstate commerce. See, United States v. Ballinger, 395 F.3d 1218, 1226 (11th Cir. 2005) cert. denied 546 U.S. 829

(2005); United States v. McHenry, 97 F.3d 125, 127 (6th Cir. 1996); United States v. Oliver, 60 F.3d 547, 550 (9th Cir. 1995); United States v. Bishop, 66 F.3d 569, 588-90 (3rd Cir. 1995) cert. denied, 516 U.S. 1032 (1995). Plaintiffs and Intervenor heavily rely on holdings by a variety of courts that 18 U.S.C. § 2119, the federal carjacking statute, is a valid exercise of Congressional power under the Commerce Clause. Pl. Resp. at 4, Interv. Mem. at 22. Also raised are cases upholding a federal statute prohibiting the defacement or damaging religious real property under circumstances which are in or affect interstate or foreign commerce, Ballinger, 395 F.3d at 1224, and a statute prohibiting the alteration of vehicle identification numbers. Kowalcyz v. United States, 936 F. Supp. 1127 (E.D.N.Y. 1996). All of the statutes upheld by these cases directly regulate the use of automobiles. As discussed above, 49 U.S.C. § 30106(a) regulates tort liability rather than regulating or protecting either the car itself, or its use. This Court holds, contrary to the holding in Garcia, 2007 WL 686625 at *11-12, that 49 U.S.C. § 30106(a) does not regulate the use of instrumentalities of interstate commerce.

C)   **Activities Substantially Related to Interstate Commerce**

Regarding the third area of authority, the Supreme Court has established a four-factor test for determining whether a regulated activity "substantially affects" interstate commerce, in evaluating a facial challenge to the constitutionality of a federal statute:

1) Whether Congress made findings about the activity's impact on interstate commerce,
2) Whether the federal statute contains an "express jurisdictional element" limiting the statute's reach,
3) Whether the activity is commercial or economic by nature,
4) Whether the connection between the activity and its effect on interstate commerce is attenuated.

United States v. Morrison, 529 U.S. 598, 610-12 (2000). Although several Representatives debated the bill and discussed the impact of vicarious liability statutes on car rental companies doing business in multiple states, no official Congressional findings were made. See, 151 Cong. Rec. H1034-01 (daily ed. March 9, 2005); 150 Cong. Rec. H1845-02 (daily ed. April 1, 2004). Nor does the statute contain an element expressly limiting its jurisdictional reach. See, 49 U.S.C.

8

§ 30106. Regarding the third element, vicarious tort liability does have an economic impact. It creates a potential expense which, as mentioned during the Congressional debate, the car rental or leasing company may pass through to its customers wherever it does business. 151 Cong. Rec. H1034-01 (daily ed. March 9, 2005) (statement of Mr. Blunt). In considering the fourth element, the effect on interstate commerce is attenuated. The Florida vicarious liability law creates potential tort liability. Companies which rent or lease automobiles may choose to respond to that potential for liability by changing their business plan or fees, which could affect interstate commerce.

Plaintiffs and Intervenor note that Congress has legislated tort liability for other industries in order to protect the interstate market in which that industry acts. Interv. Mem. at 25, Pl. Resp. at 8-9. The Supreme Court has upheld the constitutionality of the Price-Anderson Act, which eliminated tort liability for nuclear accidents, and the Federal Employers' Liability Act, which preempted state tort laws affecting railroads. Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59, 82-83 (1978) and Mondou v. N.Y., New Haven & Hartford R.R. Co., 223 U.S. 1 (1912), respectively. In each instance, the statute at issue was part of a larger-scale federal involvement with the regulated industry. In Duke Power Co., Congress was attempting to succor the fledgling private nuclear power industry when it passed the Price-Anderson Act. 438 U.S. at 63-67. In Mondou, Congress regulated liability for common carriers in interstate commerce by passing a statute which included specific jurisdictional language. 223 U.S. at 3-4, 7.

In Gonzales v. Raich, a recent case in which the Supreme Court upheld federal prohibitions against home-grown and consumed marijuana, the Court noted that Wickard v. Filburn, 317 U.S. 111 (1942), "establishes that Congress can regulate purely intrastate activity that is not in itself 'commercial' . . . , if it concludes that failure to regulate that class of activity would undercut the regulation of the interstate market in that commodity." Gonzales, 545 U.S. 1 (2005). The Gonzales Court also noted that a court "need not determine whether [the activities regulated], taken in the aggregate, substantially affect interstate commerce in fact, but only

whether a 'rational basis' exists for so concluding." Id. at 22. In United States v. Morrison, the Supreme Court held that the section of the Violence Against Women Act which provided for a civil remedy was not within the powers provided to Congress by the Commerce Clause, as violent, gender-based crimes are not economic activity. 529 U.S. 598, 611-13. While the congressional findings on the Violence Against Women Act included the conclusion that gender motivated violence affects interstate commerce, the Supreme Court held that the impact of the violence on economic activity was too attenuated, and that to uphold the statute would "obliterate the Constitution's distinction between national and local authority." Id. at 614-15.

Plaintiffs and Intervenor also point to City of New York v. Beretta U.S.A. Corp., 401 F.Supp.2d 244, 287 (E.D.N.Y. 2005). The Beretta court held that the Protection of Lawful Commerce in Arms Act ("PLCAA") was constitutional based on a finding that PLCAA prohibited economic conduct. Id. at 287. In that case, the City of New York acknowledged that it sought to use tort liability to control interstate commerce in guns. Id. Accordingly, the Beretta court held that a rational basis existed for Congress to determine that PLCAA was necessary to protect the industry. Id. at 287.

There is no evidence that vicarious tort liability for car rental or leasing companies would undercut some larger federal regulatory scheme for the car rental industry. Nor is vicarious tort liability for car rental or leasing companies being used by states to control interstate commerce in rental cars. Nor has any argument been raised that the car rental or leasing industry requires protection, or is in the least bit of danger. The Congressional discussions of the Statute posit merely that the liability may result in increased costs to the business, and thus to the consumer. 151 Cong. Rec. S5433-03 (2005). Although the debates included the possible impact of the increased costs on some smaller businesses, there is no rational basis to support a conclusion that vicarious tort liability for car rental or leasing companies substantially affects interstate commerce. Under the rationale set forth by the Plaintiffs and the Intervener for finding 49 U.S.C. § 30106 constitutional, this Court is hard pressed to think of any type of state legislation which could not

be preempted by Congress, including state taxes, which could raise the cost of doing business in a particular state, resulting in increased costs for customers in that state and elsewhere.

## IV. Conclusion

This Court holds, for the reasons discussed above, that Congress exceeded the authority granted by the Commerce Clause when it enacted 49 U.S.C. § 30106. Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Amended Petition for Declaratory Judgment (DE # 38) is GRANTED. The Amended Petition for Declaratory Judgment is DISMISSED. Accordingly, Plaintiffs' Motion for Summary Judgment (DE # 18) is DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of October, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE


cc:   All Counsel of Record
      U.S. Magistrate Judge Barry L. Garber